UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
U.S.W.U. LOCAL 74 WELFARE FUND,
By its Trustees SAL ALLADEEN AND
DANIEL C. AUSTIN,

                                Plaintiff,

-against-

MONTICELLO CENTAL SCHOOL
DISTRICT,

                                Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-cv-1779 (ENV) (MDG)

VITALIANO, D.J.,

## Background

On April 2, 2013 plaintiffs Sal Alladeen and Daniel C. Austin, as trustees for U.S.W.U. Local 74 Welfare Fund, commenced this action against Monticello Central School District ("Monticello") under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking to recover allegedly unpaid contributions totaling $58,324.77. According to the plaintiffs, a June 7, 2007 auditors report revealed that, from January 2003 through December 2004, Monticello failed to contribute $57,835.65 owed to the trust fund, and, further, that a March 10, 2010 auditors report revealed an additional $489.12 in unpaid contributions for the period January 2006 through December 2008.

By motion, dated October 30, 2013, Monticello moved to dismiss the complaint, pursuant to Rule 12(b)(6) on two grounds: first, that the claims are time-barred (claiming a one-year statute of limitations under New York Education Law §

1

3813) and, secondly, failure to comply with New York's notice of claim requirement (also found in Education Law § 3813). For the reasons discussed below, defendant's motion is denied.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' . . . will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555); see also *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting *Twombly* to require a "plausibility standard" that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim plausible") (emphasis omitted), *rev'd on other grounds*, 129 S. Ct. 1937 (2009). On a Rule 12(b)(6) motion, the Court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). Plausibility includes a showing that the complaint is technically compliant with the rules of pleading.

## Analysis

I. <u>Statute of Limitations</u>

This action arises under §§ 502 and 515 of ERISA, which provide a right of action to collect unpaid fund contributions owed by participating employers. ERISA does not explicitly prescribe a statute of limitations for such actions, and, as a result of the decision by Congress not to create an ERISA action statute of limitations, "the most analogous state statute of limitations controls." *Calemine v. Gessell*, 2007 WL 2973708, at *3 (E.D.N.Y. 2007). "In actions to recover [such] delinquent contributions, the applicable statute of limitations is generally the six-year period prescribed by N.Y. C.P.L.R. § 213." *Id.*; *Lynch v. Inter-County Bldg. Materials Corp.*, 2013 U.S. Dist. LEXIS 148313, at *13 (E.D.N.Y. 2013) ("New York's six-year statute of limitations governs ERISA claims for delinquent contributions."); *Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 599 (2d Cir. 1983). Case law teaches that, is because a claim for delinquent contributions is most similar

3

to a state law claim for breach of contract, which is governed by CPLR § 213's six-year limitations period, that is the limitations period that applies. *See, e.g., Calemine* at *12.

Monticello argues, nonetheless, that a one-year statute of limitations applies in this case because Monticello is a school district. School districts are creatures of the state, which, Monticello is correct, are governed by a special state law limitations period. "Under New York Education Law § 3813(2) . . . the statute of limitations for any tort claim against a school district is one year and ninety days [and] [t]he limitations period for any non-tort claim against a school district is one year." *Klein v. City of New York*, 2011 U.S. Dist. LEXIS 125375, at *27-28 (S.D.N.Y. 2011). Put another way, a state law breach of contract claim brought against a school district is subject to a one-year statute of limitations. The limitations period, plainly, is incident to the school district's status. Monticello argues, derivatively, that the "most analogous state statute of limitations" is, therefore, the one-year provision o set forth in § 3813(2) rather than the generally applied six-year limitations period otherwise applicable to a breach of contract claim.

Monticello's claim appears to be one of first impression. It certainly cites no square support for it. The slate, however, is not entirely clean. If anything, in fact, cases cited by Monticello obliquely suggest that § 3813(2) generally does not apply to federal claims—ERISA or otherwise. *See Klein* at *27 ("[Plaintiff's] *non-federal claims* against the DOE are subject to the statutes of limitations provided in New York Education Law § 3813") (emphasis added); *Meyer v. William Floyd Union Free*

4

*Sch. Dist.*, 2008 U.S. Dist. LEXIS 73296 (E.D.N.Y. 2008) (applying § 3813's one-year limitations period to plaintiff's state law breach of contract claims but not to plaintiff's federal claims); *Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 204 (holding that "any *state* cause of action against the Board of Education" is subject to one-year limitations period) (emphasis added).

To be sure, there is some surface appeal in Monticello's argument that § 3813(2) contains the "most analogous" state statute of limitations in an ERISA case against a school district. After all, if plaintiff were to bring a breach of contract claim against Monticello in state court, the one-year limitations period in § 3813(2), rather than the six-year limitations period in CPLR § 213, would control. That result, however, is not outcome determinative of this inquiry. Importantly, it is the nature of the *claim*, not the status of the *defendant* that determines the most analogous state statute of limitations. *See UPS v. Mitchell*, 451 U.S. 56, 60-61 (1981) (determination of appropriate state statute of limitations "depends upon an examination of the nature of the federal claim and the federal policies involved.") New York's status-based across the board limitations period is not replicated in federal law. ERISA applies without distinction related to employer's status. Uniformly, courts have held such unpaid ERISA contribution claims are subject to a six-year statute of limitations in New York. The timeliness of plaintiffs' claims must be judged against that standard.

An ERISA claim accrues when the ERISA claimant "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation."

5

*Gesualdi v. Juda Constr., Ltd.*, 2011 U.S. Dist. LEXIS 124349, at *28-29 (S.D.N.Y. 2011). Here, the parties agree that the trust fund's two claims accrued on the date of the auditor reports that revealed past unpaid contributions. (Pl. Mem. at 6; Def. Reply at 7.) The earlier of the two auditor reports was issued on June 7, 2007, which is less than six years prior to the filing of the instant complaint on April 2, 2013. The claims are timely.

II. <u>Notice of Claim</u>

Monticello next argues that the Court should dismiss the complaint based on plaintiffs' failure to file a notice of claim. New York Education Law § 3813(1) provides that no claim against a school district shall lie unless "a written verified claim . . . was presented to the governing body of said district or school within three months after the accrual of such claim." Of course, as with the statute of limitations in Education Law § 3813(2), New York's notice of claim requirement does not, by its terms, apply to federal claims. Monticello argues that the requirement should control ERISA claims too without distinction.

Importantly, there is no notice of claim analog contained in ERISA's private enforcement provisions. *See* 29 U.S.C. § 1132. Nor does case law permit the Court to fabricate one. The "general rule [is] that in a federal court, state notice-of-claim statutes apply to *state*-law claims." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d. Cir. 1999) (emphasis in original). On the other hand, "when a federal action is brought in federal court, the court has discretion to borrow from state law when there are deficiencies in the federal statutory scheme." *Id.* "While

the absence of a notice-of-claim provision generally does not render a federal statute deficient, [courts] will apply such a provision to a federal action where there is evidence that Congress intended [the court] to do so." *Id.* Without evidence of congressional intent to permit such a notice requirement, case law provides no basis to do so. *See id.* at 794 (incorporating notice of claim requirement into the Emergency Medical Treatment and Active Labor Act based on an examination of legislative history.)

Monticello comes up empty on this score. It has offered no evidence that Congress intended courts to read state notice of claim requirements into the ERISA statute. To the contrary, "Congress has expressed its clear desire to remove jurisdictional and procedural obstacles which appear to hamper effective recovery of benefits due [under ERISA]." *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 298 (9th Cir. 1987) (quoting S. Rep. No. 127, 93d Cong., 1st Sess.) Further, in the analogous § 1983 context, courts have declined to require that plaintiffs file a notice of claim before bringing suit because "[n]otice-of-claim provisions . . . are neither universally familiar nor in any sense indispensable prerequisites to litigation, and there is thus no reason to suppose that Congress intended federal courts to apply such rules, which significantly inhibit the ability to bring federal actions." *Felder v. Casey*, 487 U.S. 131, 140 (1988) (citation omitted); *Bordeau v. Metro. Transit Auth.*, 2008 U.S. Dist. LEXIS 75786, at *10 (E.D.N.Y. 2008) ("the purpose of Section 1983 as a separate federal remedy would be thwarted if the state law notice of claim requirement [could] bar plaintiffs' federal claim.") Indeed, there is no reason to suppose that Congress intended to disrupt uniform

application of ERISA, a federal remedial act, by importing a patchwork of varied state notice of claim provisions. The Court concludes, consequently, that plaintiffs' failure to comply with the notice of claim provision of § 3813(2) does not bar the Court's consideration of their ERISA claims.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss this action is denied. Pre-trial proceedings shall continue in the ordinary course.

SO ORDERED.

Dated: Brooklyn, New York
May 18, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge